UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CRIMINAL ACTION NO.: 5:08-CR-00035-TBR

UNITED STATES v. FOWLER

# JURY INSTRUCTIONS



FILED

JAN 1 4 2010

JEFFREY A. APPERSON, CLERK
BY
DEPUTY CLERK

## INSTRUCTION NO. 1

### Introduction

Members of the jury, now it is time for me to instruct you about the law that you must follow in deciding this case.  I will start by explaining your duties and the general rules that apply in every criminal case.  Then I will explain the elements, or parts, of the crime that the defendant is accused of committing.

You have two main duties as jurors.  The first one is to decide what the facts are from the evidence that you saw and heard here in court.  Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if the Government has proved the defendant's guilt beyond a reasonable doubt.  It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them.  This includes the instructions that I gave you during the trial, and these instructions.  All the instructions are important, and you should consider them together as a whole.

The lawyers have talked about the law during their arguments.  But if what they said is different from what I say, you must follow what I say.  What I say about the law controls.

Perform these duties fairly.  Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

## INSTRUCTION NO. 2

### Presumption of Innocence, Burden of Proof, Reasonable Doubt

As you know, the defendant has pled not guilty to the crimes charged in the Indictment. The Indictment is not any evidence of guilt. It is just the formal way that the Government tells a defendant what crimes he or she is accused of committing. It does not even raise any suspicion of guilt.

Instead, a defendant starts the trial with a clean slate, with no evidence at all against him, and the law presumes that a defendant is innocent. This presumption of innocence stays with a defendant unless the Government presents evidence here in court that overcomes the presumption, and convinces you beyond a reasonable doubt that he or she is guilty.

This means that a defendant has no obligation to present any evidence at all, or to prove to you in any way that he or she is innocent. It is up to the Government to prove that a defendant is guilty, and this burden stays on the Government from start to finish. You must find a defendant not guilty unless the Government convinces you beyond a reasonable doubt that he or she is guilty.

The Government must prove every element of the crime charged beyond a reasonable doubt. Proof beyond a reasonable doubt does not mean proof beyond all possible doubt. Possible doubts or doubts based purely on speculation are not reasonable doubts. A reasonable doubt is a doubt based on reason and common sense. It may arise from the evidence, the lack of evidence, or the nature of the evidence.

Proof beyond a reasonable doubt means proof that is so convincing that you would not hesitate to rely and act on it in making the most important decisions in your own lives. If you are convinced that the Government has proved the defendant guilty beyond a reasonable doubt, say so by returning a guilty verdict. If you are not convinced, say so by returning a not guilty verdict.

# INSTRUCTION NO. 3

## Direct and Circumstantial Evidence

You have heard the terms "direct evidence" and "circumstantial evidence."

Direct evidence is simply evidence like the testimony of an eyewitness which, if you believe it, directly proves a fact. If a witness testified that she saw it raining outside, and you believed her, that would be direct evidence that it was raining.

Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

It is your job to decide how much weight to give the direct and circumstantial evidence. The law makes no distinction between the weight you should give to either one, or says that one is any better evidence than the other. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

## INSTRUCTION NO. 4

### Robbery by Force, Violence or Fear, 18 U.S.C. § 1951(a)

The defendant is charged in Count One with violating 18 U.S.C. §1951(a).  This law makes it a crime to take the property of another by robbery and in so doing to obstruct, delay or affect commerce or the movement of articles in commerce. The defendant can be found guilty of that offense only if all of the following facts are proved beyond a reasonable doubt:

First: That the defendant knowingly obtained or took the personal property of another, or from the presence of another, as charged;

Second: That the defendant took the property against the victim's will, by means of actual or threatened force or violence or fear of injury, whether immediately or in the future; and

Third: That as a result of the defendant's actions, commerce or an item moving in commerce was delayed, obstructed, or affected in any way or degree.

The term "property" includes not only money and other tangible and intangible things of value but also includes any intangible right considered as a source or element of income or wealth.

The term "fear" means a state of anxious concern, alarm or apprehension of alarm.

While it is not necessary to prove that the Defendant specifically intended to affect commerce, it is necessary that the Government prove that the natural consequences of the acts alleged in the indictment would be to delay, interrupt or adversely affect "interstate commerce," which means the flow of commerce or business activities between a state and any point outside of that state.

You are instructed that you may find that the requisite effect upon commerce has been proved if you find beyond a reasonable doubt that the operation of the Handy Corner Market

affected interstate commerce.  In determining whether the robbery of the Handy Corner Market affected interstate commerce, you should consider that a portion of the goods sold by the Market are shipped from outside the state of Kentucky and sold in this state, that a portion of the proceeds of sales of goods from the Market are used to purchase additional goods that are shipped in from outside of the state of Kentucky, that a portion of the Market's customers are from outside of the state of Kentucky and purchase goods at the Market, and that payments for products sold by the Market are routinely transmitted to businesses located outside the state of Kentucky.

If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge.  If you have a reasonable doubt about any of these elements, then you must find the defendant not guilty of this charge.

## INSTRUCTION NO. 5

### Using, Carrying and Brandishing a Firearm During and in Relation to a Crime of Violence,

### 18 U.S.C. § 924(c)(1)(A)(iii)

Count Two of the Indictment charges the defendant with violating federal law by using, carrying or brandishing a firearm during and in relation to a crime of violence.

For you to find the defendant guilty of this crime, you must find that the government has proved each and every one of the following elements beyond a reasonable doubt:

First: That the defendant committed the crime of robbery charged in Count One of the indictment as charged. Robbery is a crime of violence which may be prosecuted in a court of the United States.

Second: That the defendant knowingly used, carried or brandished a firearm, to wit: a fully automatic 9 millimeter Sten-type machine gun.

Third: That the use, carrying or brandishing of the firearm was during and in relation to the crime charged in Count One.

If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge.  If you have a reasonable doubt about any of these elements, then you must find the defendant not guilty of this charge.

To establish "use," of a firearm, the government must prove active employment of the firearm during and in relation to the crime of robbery charged in Count One of the Indictment. "Active employment" means activities such as brandishing, displaying, bartering, striking with, and most obviously, firing or attempting to fire, a firearm. "Use" also includes a person's reference to a firearm in his possession for the purpose of helping to commit the crime of robbery charged in Count One . "Use" requires more than mere possession or storage.

"Carrying" a firearm includes carrying it on or about one's person.

The term "brandish" means, with respect to a firearm, to display all or part of the firearm, or otherwise make the presence of the firearm known to another person, in order to intimidate that person, regardless of whether the firearm is directly visible to that person.

The term "firearm" means any weapon which will or is designed to or may readily be converted to expel a projectile by the action of an explosive. The term "firearm" also includes the frame or receiver of any such weapon, and any firearm muffler or firearm silencer, and any destructive device. The firearm need not be loaded.

The term "machine gun" means any weapon which shoots, is designed to shoot, or can be readily restored to shoot, automatically more than one shot, without manual reloading, by a single function of the trigger. The term shall also include the frame or receiver of any such weapon, any part designed and intended solely and exclusively, or combination of parts designed and intended, for use in converting a weapon into a machine gun, and any combination of parts from which a machine gun can be assembled if such parts are in the possession or under the control of a person.

The term "during and in relation to" means that the firearm must have some purpose or effect with respect to the crime of robbery charged in Count One; in other words, the firearm must facilitate or further, or have the potential of facilitating or furthering the crime of robbery charged in Count One, and its presence or involvement cannot be the result of accident or coincidence.

The term "knowingly" means voluntarily and intentionally, and not because of mistake or accident.

## INSTRUCTION NO. 6

Some of the people who may have been involved in these events are not on trial. This does not matter. There is no requirement that all persons who may have been involved be prosecuted, or tried together in one proceeding.

## INSTRUCTION NO. 7

### Unanimous Verdict

Your verdict, whether it is guilty or not guilty, must be unanimous.

To find the defendant guilty, every one of you must agree that the Government has overcome the presumption of innocence with evidence that proves the defendant's guilt beyond a reasonable doubt.

To find the defendant not guilty, every one of you must agree that the Government has failed to convince you beyond a reasonable doubt.

Either way, guilty or not guilty, your verdict must be unanimous.

## INSTRUCTION NO. 8

### Punishment

If you decide that the Government has proved the defendant guilty, then it will be my job to decide what the appropriate punishment should be.

Deciding the appropriate punishment is my job, not yours. It would violate your oaths as jurors to even consider the possible punishment in deciding your verdict.

Your job is to look at the evidence and decide if the Government has proved the defendant guilty beyond a reasonable doubt.

## INSTRUCTION NO. 9

### Defendant's Election Not to Testify

A defendant has an absolute right not to testify. The fact that he did not testify cannot be considered by you in any way.  Do not even discuss it in your deliberations.

Remember that it is up to the government to prove the defendant guilty beyond a reasonable doubt.  It is not up to the defendant to prove that he is innocent.

## INSTRUCTION NO. 10

### Evidence

You must make your decisions based only on the evidence that you saw and heard here in court. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decisions in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath, the exhibits and stipulations that I allowed into evidence.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. Their questions and objections are not evidence. My legal rulings are not evidence. And my comments and questions are not evidence.

During the trial I did not let you hear the answers to some of the questions that the lawyers asked. You must completely ignore all of these things. Do not even think about them. Do not speculate about what a witness might have said. These things are not evidence, and you are bound by your oath not to let them influence your decisions in any way.

Make your decision based only on the evidence, as I have defined it here, and nothing else.

**INSTRUCTION NO. 11**

You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to establish that conclusion.

## INSTRUCTION NO. 12

Another part of your job as jurors is to decide how credible or believable each witness was. This is your job, not mine.  It is up to you to decide if a witness's testimony was believable, and how much weight you think it deserves.  You are free to believe everything that a witness said, or only part of it, or none of it at all.  But you should act reasonably and carefully in making these decisions.

**INSTRUCTION NO. 13**

You have heard the testimony of Christopher Dunning and William Simmons.  You have also heard that the government has promised them that they will not be prosecuted federally in exchange for their cooperation.

It is permissible for the government to make such a promise.  But you should consider Christopher Dunning and William Simmons' testimony with more caution than the testimony of other witnesses.  Consider whether their testimony may have been influenced by the government's promise.

Do not convict the defendant based on the unsupported testimony of such witnesses, standing alone, unless you believe their testimony beyond a reasonable doubt.

**INSTRUCTION NO. 14**

You have heard the testimony of Christopher Dunning and William Simmons. You have also heard that they were involved in the same crime that the defendant is charged with committing. You should consider Christopher Dunning and William Simmons' testimony with more caution than the testimony of other witnesses.

Do not convict the defendant based on the unsupported testimony of such a witness, standing alone, unless you believe his testimony beyond a reasonable doubt.

The fact that Christopher Dunning and William Simmons have pleaded guilty in state court to a crime is not evidence that the defendant is guilty, and you cannot consider this against the defendant in any way.

## INSTRUCTION NO. 15

One more point about the witnesses. Sometimes jurors wonder if the number of witnesses who testified makes any difference.

Do not make any decisions based only on the number of witnesses who testified. What is more important is how believable the witnesses were, and how much weight you think their testimony deserves. Concentrate on that, not the numbers.

**INSTRUCTION NO.  16**

The lawyers for both sides objected to some of the things that were said or done during the trial.  Do not hold that against either side.  The lawyers have a duty to object whenever they think that something is not permitted by the rules of evidence.  Those rules are designed to make sure that both sides receive a fair trial.

And do not interpret my rulings on their objections as any indication of how I think the case should be decided.  My rulings were based on the rules of evidence, not how I feel about the case. Remember that your decision must be based only on the evidence that you saw and heard here in court.

## INSTRUCTION NO.  17

Now I would like to say something about the notes that you have taken during the trial.  Your notes should be used only as memory aids.  You should not give your notes precedence over your independent recollection of the evidence.  If you have not taken notes, you should rely upon your own independent recollection of the proceedings and you should not be unduly influenced by the notes of other jurors.

Notes are not entitled to any greater weight than the memory or impression of each juror as to what the testimony may have been.  Whether you have taken notes or not, each of you must form and express your own opinion as to the facts of the case.

You will notice that we do have an official court reporter making a record of the trial.  However, we will not have typewritten transcripts of this record available for your use in reaching a decision in this case.

## INSTRUCTION NO. 18

That concludes the part of my Instructions explaining the rules for considering some of the testimony and evidence. Now let me finish up by explaining some things about your deliberations in the jury room, and your possible verdicts.

The first thing that you should do in the jury room is choose someone to be your foreperson. This person will help to guide your discussions, and will speak for you here in court.

Once you start deliberating, do not talk to the jury officer, or to me, or to anyone else except each other about the case. If you have any questions or messages, you must write them down on a piece of paper, sign them, and then give them to the jury officer. The officer will give them to me, and I will respond as soon as I can. I may have to talk to the lawyers about what you have asked, so it may take me some time to get back to you. Any questions or messages normally should be sent to me through your foreperson.

One more thing about messages. Do not ever write down or tell anyone outside the jury room how you stand on your votes. That should stay secret until you are finished.

### INSTRUCTION NO. 19

Now that all the evidence is in and the arguments are completed, you are free to talk about the case in the jury room. In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement. Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say. Try your best to work out your differences. Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong. But do not ever change your mind just because other jurors see things differently, or just to get the case over with. In the end, your vote must be exactly that – your own vote. It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.

No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say. So you should all feel free to speak your minds.

Listen carefully to what the other jurors have to say, and then decide for yourself if the Government has proved the defendant guilty beyond a reasonable doubt.

## INSTRUCTION NO. 20

Let me finish by repeating something that I said to you earlier.  Nothing that I have said or done during this trial was meant to influence your decision in any way.  You decide for yourselves if the Government has proved the defendant guilty beyond a reasonable doubt.